UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **CV 11-1991-VBF(AJWx)**            Dated: **June 24, 2011**

Title:   Scottsdale Indemnity Company -v- Fitch Plastering, Inc., et al.

---

PRESENT:  HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

    Joseph Remigio                       None Present
    Courtroom Deputy                 Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:   ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                                      None Present

**PROCEEDINGS (IN CHAMBERS):**     **COURT ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**

    On June 15, 2011, the Court set an OSC Re Dismissal For Lack Of Subject Matter jurisdiction due to Plaintiff's failure to allege complete diversity of citizenship under 28 U.S.C. § 1332.  Specifically, Plaintiff alleged that its principal place of business is in the State of Arizona, while Defendants are Arizona corporations with principal places of business in Arizona.  Compl. ¶¶ 2-4, 8.

    The Court has received, read, and considered Plaintiff's Statement In Response To Order To Show Cause Hearing ("Statement") (dkt. 33).  The Response asserts that although at one time there may have been a lack of diversity of citizenship, because Defendants are dissolved corporations, this Court maintains subject matter jurisdiction over the action.  The Court disagrees.

    Although there is a split on the proper test to determine the citizenship of a defunct corporation, no matter which test is used the corporation is deemed a citizen at least of the state in which it was incorporated.  *See Patel v. Sugen, Inc.*, 354. F. Supp. 2d, 1098, 1111 (N.D. Cal. 2005).  This is consistent with the wording of 28 U.S.C. § 1332(c)(1), which states that "a corporation shall be deemed to be a

MINUTES FORM 90                     Initials of Deputy Clerk    jre
CIVIL - GEN

citizen of any State by which it *has been* incorporated . . ." (emphasis added).  *See McManus v. McManus Financial Consultants, Inc.*, 2010 WL 4290866, *3 (D. Nev. Oct. 20, 2010) (interpreting use of perfect tense to determine that dissolved corporation remained a citizen of state of incorporation).  Plaintiff provides no authority regarding determination of the citizenship of dissolved corporations that would contradict the above-cited authorities.  Thus, Plaintiff has failed to show that there is diversity of citizenship.

    The Response also asserts that the OSC is moot due to Defendants' default and Plaintiff's pending requests for entry of default and default judgment.  The Court again disagrees.  Without subject matter jurisdiction, this Court has no power to adjudicate the dispute, and the Court must raise defects in subject matter jurisdiction *sua sponte*.  *See In re Disciplinary Action Against Mooney*, 841 F.2d 1003 (9th Cir. 1988) (overruled on other grounds in *Partington v. Gedan*, 923 F.2d 686 (9th Cir. 1991).  Thus, the Court does not have the power to decide the applications for default judgment in light of its lack of subject matter jurisdiction.

    This action is hereby DISMISSED for lack of subject matter jurisdiction.  All future dates are vacated and this matter is closed.